Krishan **VASHISTHA** and Aruna Vashistha, Plaintiffs,

v.

**ALLSTATE INSURANCE CO., at al., Defendants.**

No. CV 97–4758JMI (CTx).

United States District Court, C.D. California.

Oct. 31, 1997.

and unethically requested compensation...." (dkt. 58, p. 3).

Robert J. Mandell, Weinreb, Weinreb & Mandrell, Northridge, CA, for Plaintiffs.

Peter H. Klee, Marc J. Feldman, Luce, Forward, Hamilton, & Scripps, L.L.P., San Diego, CA, for Defendant Allstate Ins. Co.

## ORDER GRANTING DEFENDANT ALL-STATE INSURANCE COMPANY'S MOTION FOR JUDGMENT ON THE PLEADINGS

IDEMAN, District Judge.

**IT IS HEREBY ORDERED:**

Defendant ALLSTATE INSURANCE CO.'s Motion for Judgment on the Pleadings came before this Court on Monday, October 20, 1997. After careful review, considering all the arguments and materials presented by the parties, the Court hereby GRANTS Defendant's motion.

### BACKGROUND

This action arises out of Defendant Allstate's refusal to pay claim for damage to Plaintiffs' four rental properties damaged in the January 17, 1994, Northridge earthquake.[1]

On February 24, 1994, insurance inspector Jack Martin ("Martin"), responding to Plaintiffs' claim, inspected Plaintiffs' personal residence for damage caused by the earthquake. On that occasion Martin developed a written estimate which stated that the damage to Plaintiffs' personal residence was not greater than their 10% deductible, and therefore, was not covered by Plaintiffs' insurance policies.

During that same visit, Plaintiffs told Martin that they owned other properties, the rental properties, which were also insured by Allstate. Plaintiffs advised Martin that they believed that the damage to the rental properties was less serious than the damage to the personal residence. Based on this statement by Plaintiffs, Martin opined that the

---

1. The rental properties are: 8074 Allot Avenue, Van Nuys, CA 91491; 25845 El Gato, Valencia, CA, 91355; 25527 Via Heraldo, Valencia, CA 91355; and 25561 Serena Street, Valencia, CA 91355. Complaint at ¶ 7.

rental properties also would not qualify for coverage by the Allstate policies. At that time, Plaintiff neither filed a claim with Allstate for the damage to the rental properties nor requested that an insurance inspector evaluate the damage to said properties.

Plaintiffs decided to fix the damage to their personal residence in mid–1995. They claim that they were shocked to hear from their contractor that the cost of the repairs would be well over $100,000—"nearly eight times the amount of Mr. Martin's estimate and significantly greater than Plaintiff's 10% deductible on the home." Plaintiffs' Opposition to Defendant's Motion for Judgment on the Pleadings ("Plaintiffs' Opp.") at 4. Based on this estimate, and its apparent divergence from the Martin estimate, Plaintiff's sought to obtain payment from Allstate for damage to *both* their personal residence *and* their rental properties.

In August 1995, Plaintiffs made an insurance claim to Allstate for damage to their rental properties. Allstate denied this claim on the ground that it was barred by the statutorily-mandated one-year limitations provision contained in the relevant insurance policies.[2]

Plaintiffs eventually filed this lawsuit alleging breach of contract, breach of the implied covenant of good faith and fair dealing, fraud, and negligent misrepresentation in Los Angeles Superior Court on June 4, 1997. It was removed to this Court on June 30, 1997.

## DISCUSSION

### STANDARD OF REVIEW: JUDGMENT ON THE PLEADINGS

For the purposes of a motion for judgment on the pleadings, the Court must accept all of the non-moving party's allegations of fact as true, and construe those allegations in the light most favorable to that party. *General Conf. Corp. of Seventh–Day Adventists v. Seventh–Day Adventist Congregational Church,* 887 F.2d 228, 230 (9th Cir.1989).

"Judgment on the pleadings is proper when the moving party clearly establishes on the face of the pleadings that no material issue of fact remains to be resolved and that it is entitled to judgment as a matter of law." *Hal Roach Studios v. Richard Feiner & Co.,* 896 F.2d 1542, 1550 (9th Cir.1989).

### PLAINTIFFS' CLAIM IS IN VIOLATION OF THE STATUTE OF LIMITATIONS

#### A. The Policy Provisions

The Allstate insurance policies at issue in this case contain one-year statute of limitations provisions. The provisions read as follows[3]:

> **SUIT AGAINST US.** NO SUIT OR ACTION MAY BE BROUGHT AGAINST US UNLESS THERE HAS BEEN FULL COMPLIANCE WITH ALL THE POLICY TERMS. ANY SUIT OR ACTION MUST BE BROUGHT WITHIN ONE YEAR AFTER THE LOSS.

Exhibit A and B to Request for Judicial Notice.

Additionally, the policies contain provisions setting forth the proper notice procedures under the policy:

> IN THE EVENT OF A LOSS TO ANY PROPERTY THAT THIS INSURANCE MAY COVER, **YOU** MUST DO THE FOLLOWING THINGS:
>
> (a) PROMPTLY GIVE **US** OR **OUR** AGENT WRITTEN NOTICE.

*Id.*

#### B. The Limitations Period

This one-year limitations provision is a mandatory term required by California Insurance Code §§ 2070 and 2071. The one-year period begins to run "when appreciable damage occurs and is or should be known to the insured, such that a reasonable insured would be aware that his notification duty under the policy has been triggered." *Pru-*

---

**2.** It does appear however, that Allstate paid Plaintiff for certain damage to Plaintiffs' personal residence.

**3.** These provisions are from Plaintiffs' fire insurance policy for their rental property at 8074

Allott Avenue, Van Nuys, California. The provisions contained in Plaintiffs' landlord package policy for their rental properties at 25561 Serena Drive, 25527 Via Heraldo, and 25845 El Gato Place, Valencia, California are nearly identical.

dential–LMI Commercial Ins. v. Superior Court, 51 Cal.3d 674, 683, 274 Cal.Rptr. 387, 798 P.2d 1230 (1990). This district has found, that in the case of an earthquake, the limitations period begins to run on the date the earthquake occurs. See Sullivan v. Allstate Ins. Co., 964 F.Supp. 1407, 1412 (C.D.Cal.1997) ("In the context of a loss caused by a single catastrophic event such as an earthquake, the date of loss can only be the date of that event.") This period is tolled, however, "from the time the insured gives notice of the damage to his insurer, pursuant to applicable policy notice provisions, until coverage is denied." Prudential–LMI, 51 Cal.3d at 693, 274 Cal.Rptr. 387, 798 P.2d 1230.

In the instant case, Plaintiffs did not make a claim for earthquake damage to their rental properties until August 9, 1995. Complaint at ¶ 14. This was more than one year after the limitations period began to run on January 17, 1994. The instant lawsuit was not filed until June 4, 1997. Therefore, Plaintiffs' claim, and this suit, are time-barred unless Plaintiff can show that either Defendant is estopped from using the limitations defense, or a valid reason exists as to why this limitations period was tolled.

### PLAINTIFFS' RELIANCE WAS UNREASONABLE

Plaintiffs allege that they did not make a claim within the required limitations period because Martin "advised them that they had no claim for damages respecting the rental properties." Complaint at ¶ 14. Plaintiffs contend that Defendant Allstate is estopped to deny that Plaintiffs properly asserted a timely claim for damage to the rental properties because Plaintiffs reasonably relied on Martin's opinion.

■ The determination of whether the facts alleged in the complaint support a finding of reasonable reliance.is a question of law for the Court. See Smyth v. USAA Property & Casualty Ins. Co., 5 Cal.App.4th 1470, 1478, 7 Cal.Rptr.2d 694 (1992). The Complaint in this case sets forth the following facts: 1) Plaintiffs were the owner of the rental properties, Complaint at ¶ 7; 2) Plaintiffs were aware of damage to the rental properties caused by the January 17, 1994 earthquake, Id. at ¶¶ 9–11; 3) Martin did not inspect, or view, the rental properties, Id. at ¶¶ 9–12; 4) Plaintiffs did not request that Defendant Allstate inspect the rental properties, Id.; and 5) Plaintiffs did not present a claim for damages to their rental properties. Id.

■ Based on these allegations, specifically because Martin had neither seen nor inspected the rental properties, the Court finds as a matter of law, that Plaintiffs' reliance on Martin's statement was unreasonable. Therefore, Allstate is not estopped from asserting that Plaintiffs claim was untimely.

### PLAINTIFFS' NOTICE DID NOT TOLL THE LIMITATIONS PERIOD

A. Plaintiff Did. Not Provide Written Notice

As noted above, if an insured notifies an insurer of a loss "pursuant to applicable policy notice provisions," the limitations period will be tolled "until coverage is denied." Prudential–LMI, 51 Cal.3d at 693, 274 Cal. Rptr. 387, 798 P.2d 1230.

■ In this case, Plaintiffs never provided Allstate with written notice of the loss to the rental properties as required by the policy provisions. Therefore, the limitations period was not tolled.

B. Even if Plaintiff's Argument that the Oral Communication to Martin was Actual Notice Prevailed, Plaintiffs, Claims are still Time–Barred

Plaintiffs assert that, even though they did not provide the requisite written notice, they did provide Allstate, through Martin, with "actual notice" of the loss to the rental property during Martin's inspection of Plaintiffs' personal residence. Plaintiff's Opp. at 6–8. Plaintiffs fail to cite any caselaw to support their contention that oral communication will suffice as "actual notice" under these circumstances. Nonetheless, even assuming that Plaintiffs' argument is valid, it fails.

Plaintiffs assert that by giving oral notice to Martin on February 24, 1994, Plaintiffs tolled the limitations period, making their

claim timely. However, as set forth in *Prudential–LMI*, the limitations period is only tolled from the time the insured reports the claim until the insurer indicates that it will not provide coverage. In this case, Plaintiffs allege in their pleadings that, after notifying Martin of the damage to the rental properties, he "advised them that they had no claim for damages respecting the rental properties." Complaint at ¶ 14. Thus, even according to Plaintiffs' dubious argument, the tolling of the limitations period ended when Martin indicated that there would be no coverage—a matter of minutes. Consequently, Plaintiffs' filing of their claim in August 1995 is time barred.

### ALLSTATE DID NOT WAIVE THE NOTICE REQUIREMENTS

Plaintiffs further claim that Allstate waived the notice provisions and limitations defense regarding the rental properties when it allegedly waived such issues with respect to Plaintiffs' personal residence in August 1995. "Since Allstate effectively waived formal notice requirements and/or the statute of limitations respecting the claim on the personal residence, they should be deemed to have also waived those requirements on the claims made on behalf of the four rental properties." Plaintiffs' Opp. at 10.

 This contention is incorrect. No claim for damages was ever filed by Plaintiffs with respect to the rental properties until August 1995. While this Court need not address the issue of waiver as to the personal residence, it would be impossible for Allstate to waive the notice requirements and/or the statute of limitations for the rental properties *after* the limitations period has already passed. *Aceves v. Allstate Ins. Co.*, 68 F.3d 1160, 1163 (9th Cir.1995). Therefore, this argument fails.

### CONCLUSION

It is undisputed that Plaintiffs' claim for damages on the rental properties was time-barred by the policies' one-year limitation provision. Because Plaintiff has failed to show that this provision was: 1) inapplicable, 2) tolled, or 3) waived, this provision must be enforced.

Each of Plaintiffs' claims against Allstate is predicated on Allstate's failure to pay policy benefits. This Court finds that Defendant's non-payment was proper under the circumstances. Consequently, Plaintiffs' Complaint, as it relates to Defendant Allstate, is barred in its entirety.

The Court hereby GRANTS Defendant's motion for judgment on the pleadings.

**IT IS SO ORDERED.**