**Richard LAMB, Plaintiff—Appellant,**

v.

**AMERICAN SECURITY INSURANCE COMPANY, Defendant—Appellee.**

**No. 03–56013.**

United States Court of Appeals, Ninth Circuit.

Submitted April 5, 2005.*

Decided May 13, 2005.

William G. Schweizer, Esq., Long Beach, CA, for Plaintiff-Appellant.

Remy Obas, Esq., Bissell & Associates, Los Angeles, CA, for Defendant–Appellee.

Before: THOMAS and BERZON, Circuit Judges, and MAHAN,** District Judge.

### MEMORANDUM ***

Richard Lamb appeals the district court's grant of summary judgment in favor of American Security Insurance Company, Inc. The district court held that

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** The Honorable James C. Mahan, United States District Judge for the District of Nevada, sitting by designation.

*** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

Lamb failed to comply with the provisions of his policy requiring: (1) immediate notice of loss; and (2) that suits against the insurer be brought within one year of the occurrence of the loss. We affirm.

■ The insured's duties to notify the insurer of the loss and to initiate suit both commence at inception of loss. *See* CAL. INS.CODE § 2071 (2004). The first event of loss, the fire, occurred on February 26, 1999. A second claimed event of loss, the demolition of the property, occurred more than eighteen months later. The district court correctly concluded that the destruction of Lamb's property, by either fire or demolition, is not the progressive loss contemplated in *Prudential–LMI Commercial Ins. v. Superior Court,* 51 Cal.3d 674, 274 Cal.Rptr. 387, 798 P.2d 1230 (1990) and *Kapsimallis v. Allstate Ins. Co.,* 104 Cal. App.4th 667, 128 Cal.Rptr.2d 358 (2002). The loss to Lamb's property was readily apparent and would have been discovered if Lamb had inspected the property at any time after February 26, 1999. It would be unreasonable to allow Lamb to exempt himself from the immediate notice requirements of his insurance policy in light of the notices of deterioration, abandonment, and demolition sent to Lamb over a period of eight years. *See, e.g., Abari v. State Farm Fire & Cas. Co.,* 205 Cal.App.3d 530, 252 Cal.Rptr. 565, 567 (1988) (holding that an absentee landlord may not toll the discovery period by avoiding inspection of insured property).

■ Only in September 2001, more than twelve months after the demolition of the property and more than thirty months after the fire, did Lamb contact American Security's agent to report that the property had been destroyed due to its demoli-tion by the City of Adelanto. This suit was not filed until January 30, 2002, after American Security denied Lamb's claim.

The district court correctly concluded Lamb's claim is barred under his policy for failure to bring suit within one year of either the fire or demolition.

AFFIRMED.