Filed 12/31/13  Ghosh v. City of Berkeley CA1/1

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION ONE

| | |
|---|---|
| RASH B. GHOSH,<br><br>Plaintiff and Appellant,<br><br>v.<br><br>CITY OF BERKELEY et al.,<br><br>Defendants and Respondents. | A133425<br><br>(Alameda County<br>Super. Ct. No. RG08418652) |

This case involves a long-running dispute between plaintiff Rash B. Ghosh (Ghosh) and the City of Berkeley[1] involving Ghosh's failure to abate unsafe conditions on his real property.  In a separate proceeding, the property was declared a public nuisance and an injunction was issued.  After Ghosh filed two unsuccessful appeals in this court, the parties stipulated to a specific timetable for abatement.  The nuisance was not abated.  Ghosh then brought this action asserting Berkeley violated his constitutional rights by unreasonably refusing to extend the time in which to abate the nuisance and by retaliating against him.  The trial court granted judgment on the pleadings on the ground Ghosh's claims are barred by res judicata and are moot.  We affirm the judgment.

---

[1] Ghosh also named as defendants Zack Cowan, Berkeley City Attorney, Joan MacQuarrie, of the Berkeley Planning and Development Division, Malcolm Prince, a Berkeley building inspector, and Greg Heidenreich, also a Berkeley building inspector. (CT 607) We refer to the defendants collectively as "Berkeley."  The other named plaintiffs in the underlying action are not parties to this appeal.

1

## FACTUAL AND PROCEDURAL BACKGROUND

We set forth only the facts necessary to understanding the issues in the instant appeal. Ghosh owns real property located at 2507–2509 McGee Avenue and 1700 Dwight Way in Berkeley, California. The property consists of two three-story buildings on one parcel.

In 1999, the City of Berkeley discovered an illegal addition on the property. Ghosh was sent a notice and order to abate, outlining the violations and necessary corrections. After failure to make the corrections, Ghosh was cited for various zoning ordinance violations. The city commenced public nuisance proceedings and, after a hearing, the Zoning Adjustments Board declared Ghosh's property a public nuisance. Ghosh unsuccessfully appealed to the city council.

Ghosh filed a petition for writ of administrative mandate challenging both the zoning board's and the city council's resolutions declaring the property a public nuisance, Alameda County Superior Court case No. 2002-043750 (the first lawsuit.) Berkeley filed a cross-complaint seeking injunctive relief, which was granted. Ghosh appealed the injunction (case No. A100924), and this court (Division Five) affirmed in 2003.

The matter then returned to the trial court for further proceedings. The court granted Berkeley's motion for judgment on the pleadings, entered judgment, and issued a permanent injunction ordering Ghosh to abate the public nuisance on his property "forthwith." Ghosh again appealed (case No. A106858), and this court (Division 5) affirmed the judgment in 2005.

The nuisance was not abated, and Berkeley filed a motion for appointment of a receiver for Ghosh's property. In May 2007, Ghosh and Berkeley entered into a stipulation that Ghosh would abate the nuisance according to an agreed-upon schedule. Berkeley agreed to take its motion for appointment of a receiver off-calendar, and Ghosh agreed to "the immediate issuance of the Order Appointing Receiver and Injunction that is attached hereto as Exhibit D, upon 24 hours notice to him if he does not strictly and literally comply with each and every requirement set forth in Exhibit C, or if his second corrected application for a building permit . . . is not approved."

Ghosh did not abate the nuisance.  Instead, he filed this lawsuit in June 2009.  In a fourth amended complaint filed in August 2010 (the operative pleading), Ghosh alleged two causes of action:  one for due process violations under the California Constitution, and one alleging retaliation based on his exercise of the right to assemble and petition the government under article I, section 3 of the California Constitution.

On February 3, 2011, the court in the first lawsuit granted Berkeley's motion to enforce the stipulation and appoint a receiver to take possession of Ghosh's real property. Berkeley served the notice of entry of order on February 4, 2011.  As a postjudgment order, the order was appealable, but Ghosh did not appeal.

Five months later, on July 29, 2011, the court in this action granted Berkeley's motion for judgment on the pleadings, ruling the action was barred by the doctrine of res judicata and, in any event, the claims were moot because "plaintiff asks the Court for relief it clearly cannot award."  Judgment was entered on August 11, 2011, and Ghosh appealed.

## DISCUSSION

Ghosh contends the trial court erred in granting judgment on the pleadings on the ground the first action, resulting in the appointment of a receiver for Ghosh's property, has res judicata effect and bars the instant lawsuit.[2]

A motion for judgment on the pleadings is properly granted where "[t]he complaint does not state facts sufficient to constitute a cause of action against that defendant."  (Code Civ. Proc., § 438, subd. (c)(1)(B)(ii).)  "A motion for judgment on the pleadings is equivalent to a demurrer and is governed by the same de novo standard of review."  (*Kapsimallis v. Allstate Ins. Co.* (2002) 104 Cal.App.4th 667, 672.)  "All properly pleaded, material facts are deemed true, but not contentions, deductions, or conclusions of fact or law . . . ."  (*Ibid.*)

---

[2]  Ghosh indicates he "takes exception" only to the order granting judgment on the pleadings, and not to the two orders sustaining demurrers "that collectively resulted in the dismissal of all of the causes of action . . . ."

3

Under the doctrine of res judicata, "all claims based on the same cause of action must be decided in a single suit; if not brought initially, they may not be raised at a later date. ' "Res judicata precludes piecemeal litigation by splitting a single cause of action or relitigation of the same cause of action on a different legal theory or for different relief." ' [Citation.] A predictable doctrine of res judicata benefits both the parties and the courts because it 'seeks to curtail multiple litigation causing vexation and expense to the parties and wasted effort and expense in judicial administration.' [Citation.]" (*Mycogen Corp. v. Monsanto Co.* (2002) 28 Cal.4th 888, 897, italics omitted.)

" 'As generally understood, "[t]he doctrine of res judicata gives certain conclusive effect to a former judgment in subsequent litigation involving the same controversy." [Citation.] The doctrine "has a double aspect." [Citation.] "In its primary aspect," commonly known as claim preclusion, it "operates as a bar to the maintenance of a second suit between the same parties on the same cause of action. [Citation.]" [Citation.] "In its secondary aspect," commonly known as collateral estoppel, "[t]he prior judgment . . . 'operates' " in "a second suit . . . based on a different cause of action . . . 'as an estoppel or conclusive adjudication as to such issues in the second action as were actually litigated and determined in the first action.' [Citation.]" [Citation.] "The prerequisite elements for applying the doctrine to either an entire cause of action or one or more issues are the same: (1) A claim or issue raised in the present action is identical to a claim or issue litigated in a prior proceeding; (2) the prior proceeding resulted in a final judgment on the merits; and (3) the party against whom the doctrine is being asserted was a party or in privity with a party to the prior proceeding. [Citations.]" ' [Citation.]" (*Boeken v. Philip Morris USA, Inc.* (2010) 48 Cal.4th 788, 797, italics omitted.)

Ghosh does not dispute that "all of the requisite elements" for application of res judicata "appear to be present." Instead, he asserts "such may only be an illusion induced by a misapprehension concerning the non self-limiting effect of the rules governing the doctrine of res judicata more fully explained in the following portion of this brief." Ghosh goes on to explain such "misapprehension" thusly: "[i]t is entirely possible, as the record will demonstrate, including the materials the court will hopefully review as a

4

result of Ghosh's motion for the court to take judicial notice of the entire record in the companion case, no. 200243750 (to be filed shortly herein) that the final judgment in the underlying case herein, rightfully or wrongfully, was obtained before the actual final judgment in the companion case." (Emphasis omitted.)

Ghosh maintains "[i]t is entirely possible" the February 3, 2011 order in case No. 2002043750 was not a "final judgment" because "it appears from the official record that at the time of the order granting the motion for [judgment on the pleadings] in the underlying case herein on or about July 29, 2011 . . . there was at least one, if not more, cross-complaints still active in the companion case and that status, as shown below, affect the finding of res judicata." Ghosh also claims the docket in case No. 200243750 "may be . . . somewhat inaccurate . . . since it does not appear to evidence all filings in that case." He concludes "[u]ntil the mystery of all these competing pleadings [in case No. 200243750] is resolved and until a court can make a determination based on all the evidence that [case No. 200243750] is or was ripe for a final judgment, the order granting dismissal of Ghosh's complaint based on res judicata should be set aside." (Emphasis omitted.)

Ghosh's claims are not cognizable on appeal. As to his contention there was no final judgment in the first lawsuit on which res judicata could be based, the record does not reflect Ghosh ever raised the "the mystery of all these competing pleadings" in the trial court, and thus has waived this factually-laden assertion. (*Baychester Shopping Center, Inc. v. San Francisco Residential Rent Stabilization & Arbitration Bd.* (2008) 165 Cal.App.4th 1000, 1008 ["[P]oints not asserted in the trial court are deemed waived and will not be considered for the first time on appeal."].) Even if the issue were not waived, this court will not conduct the "evidentiary resolution of issues still unresolved that had not yet been accomplished" Ghosh requests. It is not the province of the appellate courts to decide questions of fact. (*In re Zeth S.* (2003) 31 Cal.4th 396, 405.) Furthermore, the "official record" in the first lawsuit which Ghosh claims we should review is not before us. He did not submit it to the trial court, nor did he ask the trial court to take judicial notice of it. Accordingly, it is not in the record on appeal. We, in

turn, denied Ghosh's request for judicial notice of the record in the first lawsuit on January 7, 2013. (See *People v. Hamilton* (1986) 191 Cal.App.3d Supp. 13, 21–22 ["as a general rule the court should not take such notice if . . . it appears that the matter has not been presented to and considered by the trial court in the first instance"].) In any event, the appellate opinion issued in Ghosh's second appeal in the first lawsuit indicates it was from an appealable judgment on the pleadings in which "the trial court essentially ruled as a matter of law that injunctive relief was an appropriate remedy." (*Ghosh v. City of Berkeley* (Apr. 19, 2005, A106858) [nonpub. opn.], at p. 3.)

As to the trial court's additional ruling that his claims are moot, Ghosh contends a claim cannot be moot unless it is "shown that the passage of time is not attributable to anything the defendants have done and unless a true fiction is created, this determination appears to be an impossible task," relying on *Californians for an Open Primary v. McPherson* (2006) 38 Cal.4th 735 (*MacPherson*). Ghosh miscites *MacPherson*. What Justice Werdegar actually states in her concurrence at the page Ghosh cites is: "'Although a case may originally present an existing controversy, if before decision it has, *through act of the parties* or other cause, occurring after the commencement of the action, lost that essential character, it becomes a moot case or question which will not be considered by the court.' [Citation.]" (*Id*. at p. 783, fn. 1, italics added.) Ghosh also "does not concede" the court cannot "grant him a viable remedy." He fails, however, to provide any hint what that relief might be, other than to assert that if "injunctive relief proves to be appropriate . . . the competing interests of the parties would have to be reconciled." Injunctive relief already was proved to be appropriate, and a receiver has been appointed. The trial court correctly ruled intervening events have rendered Ghosh's claims moot. It is now time, as this court stated in 2005, for "procedural quibbling [to] end, and an order must issue requiring that the law be obeyed." (*Ghosh v. City of Berkeley, supra*, A106858, at p. 7.)

## DISPOSITION

The judgment is affirmed. Respondents to recover costs on appeal.

_____
Banke, J.

We concur:


_____
Dondero, Acting P. J.


_____
Becton, J.*

---

\* Judge of the Contra Costa County Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.