Filed 1/3/23  Wilber v. Manzer CA2/6

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION SIX

| | |
|---|---|
| RON WILBER,<br><br>    Plaintiff and Appellant,<br><br>v.<br><br>DAN MANZER et al.,<br><br>    Defendants and Respondents. | 2d Civil No. B315149<br>(Super. Ct. No. 56-2020-00544758-CU-PO-VTA)<br>(Ventura County) |

Ron Wilber appeals in propria persona from a judgment dismissing his first amended complaint with prejudice. Appellant submitted an opening brief but not a reply brief. Because his opening brief completely fails to comply with the rules of appellate procedure, we affirm.

*Factual and Procedural Background*

In his opening brief appellant states, "This is a commercial/industrial, tenant v. landlord case . . . ." Appellant was the tenant and respondents were the landlord. The lease describes the premises as "[a]n approximate 1,375 square foot

industrial unit which is part of a larger multi-tenant industrial building."

In November 2020 appellant filed a first amended complaint against respondents. It consists of eight causes of action: fraud, assault, negligence, intentional/negligent infliction of emotional distress, elder abuse, unlawful attempt to evict, defamation, and pursuing eviction proceedings during California's Covid-related eviction moratorium.

Respondents filed an anti-SLAPP motion to strike all eight causes of action. (Code Civ. Proc., § 425.16.)[1] The trial court granted the motion as to some of appellant's claims. As to the remaining claims, the court granted respondents' motion for judgment on the pleadings with leave to amend. But appellant never filed an amended pleading.

Respondents moved to dismiss the action pursuant to section 581, subdivision (f)(2), which provides, "The court may dismiss the complaint . . . when . . . after a demurrer to the complaint is sustained with leave to amend, the plaintiff fails to amend it within the time allowed by the court and either party moves for dismissal." Respondents' motion for judgment on the pleadings was "equivalent to a demurrer." (*Kapsimallis v. Allstate Ins. Co.* (2002) 104 Cal.App.4th 667, 672.) The court dismissed the action with prejudice.

*Rules of Appellate Procedure*

"'A judgment or order of the lower court is *presumed correct*. All intendments and presumptions are indulged to support it on matters as to which the record is silent, and error must be affirmatively shown. . . .'" (*Denham v. Superior Court*

---

[1] All statutory references are to the Code of Civil Procedure.

(1970) 2 Cal.3d 557, 564 (*Denham*).) "To demonstrate error, appellant must present meaningful legal analysis supported by citations to authority and citations to facts in the record that support the claim of error. [Citations.]" (*In re S.C.* (2006) 138 Cal.App.4th 396, 408.) "When an issue is unsupported by pertinent or cognizable legal argument it may be deemed abandoned and discussion by the reviewing court is unnecessary. [Citations.]" (*Landry v. Berryessa Union School Dist.* (1995) 39 Cal.App.4th 691, 699-700; see also *Gunn v. Mariners Church, Inc.* (2008) 167 Cal.App.4th 206, 217-218 ['"an appellant must present a factual analysis and legal authority on each point made or the argument may be deemed waived"'].) "Hence, conclusory claims of error will fail." (*In re S.C., supra*, at p. 408.)

The California Rules of Court (Rules) provide: "An appellant's opening brief must . . . [p]rovide a summary of the significant facts limited to matters in the record." (Rule 8.204(a)(2)(C).) Each factual reference must be supported "by a citation to the volume and page number of the record where the matter appears." (Rule 8.204(a)(1)(C).)

The Rules require that a brief "[s]tate each point under a separate heading or subheading summarizing the point . . . ." (Rule 8.204(a)(1)(B).) "This is not a mere technical requirement; it is 'designed to lighten the labors of the appellate tribunals by requiring the litigants to present their cause systematically and so arranged that those upon whom the duty devolves of ascertaining the rule of law to apply may be advised, as they read, of the exact question under consideration, instead of being compelled to extricate it from the mass.' [Citations.]" (*In re S.C., supra*, 138 Cal.App.4th at p. 408.) "The failure to head an argument as required by California Rules of Court, rule

3

[8.204(a)(1)(B)] constitutes a waiver. [Citations.]" (*Opdyk v. California Horse Racing Bd.* (1995) 34 Cal.App.4th 1826, 1830, fn. 4.)

*Appellant's Failure to Comply with*
*Rules of Appellate Procedure*

Appellant's opening brief includes a 13-page statement of facts. The statement does not "[p]rovide a summary of the significant facts limited to matters in the record." (Rule 8.204(a)(2)(C).) The great bulk of the facts are outside of the record. "In reaching a decision on appeal an appellate court is governed by the record; [it] will not consider facts having no support in the record; and will disregard statements of such facts set forth in a brief." (*Oldenkott v. American Electric, Inc.* (1971) 14 Cal.App.3d 198, 207.)

Appellant's argument consists of approximately one page. The only heading is "**ARGUMENT**." Appellant does not "[s]tate each point under a separate heading or subheading summarizing the point." (Rule 8.204(a)(1)(B).) There is no "meaningful legal analysis supported by citations to authority and citations to facts in the record that support [appellant's] claim of error." (*In re S.C.*, *supra*, 138 Cal.App.4th at p. 408.) The only authority cited is section 425.16. The argument does not contain a single citation to the record. "We are not bound to develop appellant['s] arguments for [him]. [Citation.] The absence of cogent legal argument or citation to authority allows this court to treat the contentions as waived." (*In re Marriage of Falcone & Fyke* (2008) 164 Cal.App.4th 814, 830.)

"[Appellant] is not exempt from the foregoing rules because he is representing himself on appeal in propria persona. Under the law, a party may choose to act as his or her own attorney.

4

[Citations.] '[S]uch a party is to be treated like any other party and is entitled to the same, but no greater consideration than other litigants and attorneys. [Citation.]' [Citation.] Thus, as is the case with attorneys, pro. per. litigants must follow correct rules of procedure. [Citations.]" (*Nwosu v. Uba* (2004) 122 Cal.App.4th 1229, 1246-1247.)

Because appellant failed to comply with the rules of appellate procedure, he has not overcome the presumption that the judgment is correct. (*Denham, supra,* 2 Cal.3d at p. 564.)

*Disposition*

The judgment is affirmed. Respondents shall recover their costs on appeal.

NOT TO BE PUBLISHED.


YEGAN, J.


We concur:



GILBERT, P. J.



BALTODANO, J.

5

Mark S. Borrell, Judge

Superior Court County of Ventura

_____

Ron Wilber, in pro. per., for Plaintiff and Appellant.

The Safarian Firm and Harry A. Safarian, Christina S. Karayan, Kitty Xie, for Defendants and Respondents.