Filed 3/30/26 Estate of Locklin CA2/1

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b). This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION ONE

| | |
|---|---|
| Estate of DOROTHY JEAN LOCKLIN, Deceased. | B342148, B345086 |
| | (Los Angeles County Super. Ct. No. BP138469) |
| FREDERICK MARC COOLEY, Petitioner and Appellant, v. TUP 1597 W37ST HOUSING LLC, Objector and Respondent; ZACHARY GUY JONES et al., Respondents. | |

APPEALS from orders of the Superior Court of Los Angeles County, Jessica A. Uzcategui, Judge. Dismissed in part and affirmed in part.

Frederick Marc Cooley, in pro. per., for Petitioner and Appellant.

Cunningham, Treadwell & Bartelstone, James H. Treadwell and G. Richard Gregory III, for Objector and Respondent TUP 1597 W37ST HOUSING LLC.

No appearance for Respondent Zachary Guy Jones.

No appearance for Respondent Lynn Jacobs.

——————————————

Appellant Frederick Marc Cooley is a pro. per. litigant and an heir to the estate of his deceased mother.  He filed a notice of appeal seeking review of an order confirming the sale of the estate's 50 percent interest in certain real property to respondent TUP 1597 W37ST HOUSING LLC (TUP).  Several days after Cooley filed that notice of appeal, a grant deed conveying the estate's interest in the property to TUP was recorded.  Cooley thereafter filed a petition pursuant to Probate Code[1] section 850 for the purpose of quieting title to the property.  At bottom, Cooley alleged the recording of the grant deed to TUP violated subdivision (a) of section 1310, which statute he claims automatically stayed the operation and effect of the order confirming the sale pending disposition of his appeal from that order.

We ultimately affirmed the confirmation order in an unpublished opinion.  The probate court later granted judgment on the pleadings for TUP on Cooley's section 850 petition without leave to amend and issued an order dismissing TUP from the

_____

[1] Undesignated statutory references are to the Probate Code.

petition.  The court also denied, without prejudice, Cooley's ex parte application for, inter alia, orders restoring the estate's interest in the real property and removing the estate's administrator for breach of fiduciary duty.  Cooley appeals from the order granting judgment on the pleadings without leave to amend, the order of dismissal, and the order denying his request for ex parte relief without prejudice.

Because the probate court's orders granting judgment on the pleadings and denying Cooley's ex parte application without prejudice are not appealable, we dismiss his appeals from those orders.  Further, Cooley fails to show the court erred in concluding that recordation of the grant deed to TUP was merely a ministerial act that did not violate section 1310, subdivision (a), or that the court abused its discretion in denying him leave to file an amended petition.  We thus affirm the order dismissing TUP from Cooley's petition.

## FACTUAL AND PROCEDURAL BACKGROUND[2]

We summarize only those facts pertinent to our disposition of these consolidated appeals.

---

[2] We derive our Factual and Procedural Background in part from the parties' admissions in their appellate briefing and undisputed aspects of the probate court's order granting judgment on the pleadings.  (*Association for Los Angeles Deputy Sheriffs v. County of Los Angeles* (2023) 94 Cal.App.5th 764, 772, fn. 2 (*Association for Los Angeles Deputy Sheriffs*) [employing this approach].)

Our Factual and Procedural Background is also derived in part from our prior opinion from case No. B322049.  (See, e.g., *People v. Czirban* (2022) 77 Cal.App.5th 1050, 1058, fn. 4 [relying

Prior to her death in June 2010, Dorothy Jean Locklin owned a 50 percent interest in a residential property located at 1597 West 37th Street in Los Angeles (the real property or the property). (*Estate of Locklin* (Jan. 18, 2024, B322049) [nonpub. opn.] [2024 WL 191261, at p. *1] (*Locklin*).) Locklin's brother owned the other 50 percent interest in the property. (*Ibid.*) Locklin died intestate, leaving three heirs to her estate, to wit, Cooley (one of her sons), Zachary Guy Jones (another of her sons), and Cooley's and Jones's sister. (See *id.* at pp. *1, *4, *7.) Locklin's 50 percent interest in the real property was the only asset of her estate. (*Id.* at p. *1.)

In February 2013, Cooley was appointed the administrator of Locklin's estate. (*Locklin, supra*, B322049 [2024 WL 191261, at p. *1].) Lynn Jacobs, as trustee of the Jacobs Family Trust, later acquired Locklin's brother's 50 percent interest in the real property. (See *id.* at pp. *1–2.)

In or around 2021, Cooley was removed from his position as administrator of the estate in part because "he did not sell the real property and close the estate during the eight-year period that he was the administrator." (See *Locklin, supra*, B322049 [2024 WL 191261, at p. *1 & fn. 2].) The probate court later appointed Jones as administrator of Locklin's estate, but granted him only " 'limited authority,' meaning . . . that he required court approval of a sale of the estate's real property." (See *id.* at p. *1.)

In February 2022, TUP agreed to purchase all interests in the real property at a private sale. (See *Locklin, supra*, B322049

in part on the Court of Appeal's prior opinion in summarizing the factual and procedural history of that case].) We, sua sponte, take judicial notice of the prior opinion. (Evid. Code, §§ 452, subd. (d), 459.)

4

[2024 WL 191261, at pp. *1–2].)  The purchase price of the estate's 50 percent interest was $400,000 in cash.  (See *id.* at p. *2.)

Jones filed a petition for an order confirming the sale of the real property.  (*Locklin, supra*, B322049 [2024 WL 191261, at p. *1].)  Jacobs supported the sale, and Cooley's and Jones's sister did not object to it.  (See *id.* at pp. *3–4, *7.)  On the other hand, Cooley opposed the sale, arguing, inter alia, that the estate owned 100 percent (and not merely 50 percent) of the real property.  (See *id.* at p. *4.)  On May 20, 2022, the probate court issued a minute order that granted Jones's petition for an order confirming the sale and directed him to "prepare an order after hearing."  (See *id.* at p. * 5.)

On June 21, 2022, the probate court entered an order confirming the sale of the property.  (See *Locklin, supra*, B322049 [2024 WL 191261, at p. *5].)  On July 5, 2022, Cooley filed a notice of appeal from the order confirming the sale.  (*Ibid.*)  On July 12, 2022, a grant deed transferring the real property to TUP was recorded.  Jacobs, as trustee of the Jacobs Family Trust, had signed the deed on May 27, 2022, and Jones, as administrator of the estate, had signed it on May 28, 2022.

On September 26, 2022, Cooley filed a verified petition under section 850, seeking to quiet title to the real property, redemption pursuant to Revenue and Taxation Code sections 4101 and 4113, and declaratory relief.  The only claim leveled against TUP in the petition was a quiet title claim pursuant to section 850.  Additionally, although Cooley filed a supplement to his petition on April 11, 2023, TUP was not named as a party in that supplemental petition.

5

On January 18, 2024, we issued our opinion affirming the June 21, 2022 order confirming the sale of the real property. (*Locklin, supra*, B322049 [2024 WL 191261, at pp. *1, 9].) The court clerk issued the remittitur on March 20, 2024.[3]

On September 23, 2024, TUP filed a "Motion for Order of Dismissal," which Cooley opposed. On October 23, 2024, the probate court issued a minute order in which it construed TUP's motion as a motion for judgment on the pleadings, and granted that motion without leave to amend on the ground Cooley failed to state a valid claim against TUP.[4] On October 29, 2024, Cooley purported to appeal from the October 23, 2024 minute order. (Discussion, part A, *post* [discussing case No. B342148].)

On March 12, 2025, Cooley filed an ex parte application seeking, inter alia, orders "directing TUP Holdings Inc. to execute a conveyance of the estate's title back to the estate," surcharging Jones for breaching his fiduciary duties, and "revoking or suspending . . . Jones'[s] letters of administration due [to] his breach of fiduciary duties." According to Cooley, a grant deed purporting to convey the property from an entity named "Meldia Development LLC" to "TUP Holdings Inc." was recorded in November 2024.

On March 13, 2025, the probate court issued a signed order dismissing TUP from Cooley's section 850 petition in accordance with its October 23, 2024 order granting TUP's motion for judgment on the pleadings.

---

[3] We, sua sponte, take judicial notice of the remittitur. (Evid. Code, §§ 452, subd. (d), 459.)

[4] We describe the October 23, 2024 minute order in greater detail in Discussion, part D, *post*.

On March 14, 2025, the probate court issued an order denying, without prejudice, the ex parte application Cooley filed on March 12, 2025.[5]  The court reasoned, "There is insufficient evidence of irreparable harm or immediate danger to warrant ex parte relief.  Further, the Court entered an order on March 13, 2025, dismissing TUP 1597 W37ST HOUSING LLC as a party, without leave to amend."

On March 18, 2025, Cooley appealed from the probate court's orders issued on March 13 and 14, 2025.  (Discussion, part B, *post* [discussing case No. B345086].)

On May 5, 2025, this court consolidated Cooley's two pending appeals for the purposes of record preparation, briefing, and oral argument.

## APPLICABLE LAW AND STANDARDS OF REVIEW

"Section 850 allows the filing of various petitions to recover property when the dispute involves a conservatorship or guardian (§ 850, subd. (a)(1)), the personal representative of a decedent's estate (§ 850, subd. (a)(2)), or a trustee (§ 850, subd. (a)(3))." (*Parker v. Schwarcz* (2022) 84 Cal.App.5th 418, 424.)

"A judgment on the pleadings in favor of the defendant is appropriate when the complaint fails to allege facts sufficient to state a cause of action.  [Citation.]  A motion for judgment on the pleadings is equivalent to a demurrer and is governed by the same de novo standard of review.  [Citations.]  All properly pleaded, material facts are deemed true, but not contentions, deductions, or conclusions of fact or law; judicially noticeable

---

[5]  We, sua sponte, take judicial notice of the version of the March 14, 2025 order that appears on the probate court's docket. (Evid. Code, §§ 452, subd. (d), 459.)

7

matters may be considered." (*Kapsimallis v. Allstate Ins. Co.* (2002) 104 Cal.App.4th 667, 672.) We review for abuse of discretion the denial of leave to amend. (*Black v. Los Angeles County Metropolitan Transportation Authority* (2025) 116 Cal.App.5th 677, 685 (*Black*).)

" ' "Even when our review on appeal 'is de novo, it is limited to issues which have been adequately raised and supported in [the appellant's opening] brief. . . . ' " [Citation.] To succeed[,] . . . [an appellant] must first establish error . . . . " '[T]he most fundamental rule of appellate review is that an appealed judgment or order is presumed to be correct.' [Citation.] It is the appellant who bears the burden of overcoming that presumption." [Citation.]' [Citation.] To 'rebut[ ] the presumption of correctness accorded to the [lower] court's decision,' the appellant must ' " ' "supply[ ] the reviewing court with some cogent argument supported by legal analysis and citation to the record." ' [Citation.]" [Citations.]' [Citation.]" (See *Cruz v. Tapestry, Inc.* (2025) 113 Cal.App.5th 943, 953–954.)

The rules of appellate procedure apply to Cooley even though he is a self-represented party. (*Scholes v. Lambirth Trucking Co.* (2017) 10 Cal.App.5th 590, 595.) Accordingly, Cooley " ' "is entitled to the same, but no greater[,] consideration than other litigants and attorneys. [Citation.]" ' [Citation.]" (*Ibid.*)

## DISCUSSION

For the reasons set forth below, we dismiss for lack of jurisdiction Cooley's appeals from the orders granting judgment on the pleadings and denying, without prejudice, Cooley's application for ex parte relief. (Discussion, parts A–B, *post*.) Next, we decline Cooley's invitations to (1) consider a proposed

8

amended section 850 petition that is not in the appellate record, and (2) judicially notice certain other documents he offers in support of that proposed amended petition. (See Discussion, part C, *post*.) Lastly, we affirm the order dismissing TUP from Cooley's petition because he fails to demonstrate the probate court erred in granting TUP's motion for judgment on the pleadings without leave to amend. (See Discussion, parts D–E, *post*.)

## A. We Dismiss for Lack of Jurisdiction Cooley's Appeal from the Order Granting TUP's Motion for Judgment on the Pleadings

Cooley initiated case No. B342148 by filing a notice of appeal on October 29, 2024 in which he seeks review of the October 23, 2024 order granting TUP's motion for judgment on the pleadings. "An appeal does not lie from . . . an order granting a motion for judgment on the pleadings." (*Singhania v. Uttarwar* (2006) 136 Cal.App.4th 416, 425.)

We have discretion to treat this appeal as having been taken prematurely from the subsequent March 13, 2025 order dismissing TUP from Cooley's section 850 petition. (See Cal. Rules of Court, rule 8.104(d)(2) & (e).)[6] We decline to do so. Because Cooley timely appealed from the March 13, 2025 dismissal order (see Discussion, part B, *post* [noting Cooley appealed from that order five days after issuance]), construing his prior appeal to have been from the subsequent dismissal order would allow Cooley to maintain two appeals from the same order. Cooley is "not entitled to two appeals of the same

---

[6] All undesignated rule references are to the California Rules of Court.

substantive matter." (See *Limon v. Circle K Stores, Inc.* (2022) 84 Cal.App.5th 671, 686.) We thus dismiss the appeal in case No. B342148. (See *Luo v. Volokh* (2024) 102 Cal.App.5th 1312, 1325 (*Luo*) ["[A] purported appeal from a nonappealable order must be dismissed because appellate courts have no jurisdiction to consider [such] appeals . . . ."].)

**B.  Cooley Fails To Discharge His Burden of Showing We Have Jurisdiction To Review the March 14, 2025 Order Denying His Ex Parte Application Without Prejudice**

In case No. B345086, Cooley seeks review of two orders via a notice of appeal he filed on March 18, 2025: (1) the March 13, 2025 order dismissing TUP from Cooley's section 850 petition; and (2) the March 14, 2025 order denying — without prejudice — the ex parte application Cooley had filed on March 12, 2025. For the reasons set forth below, we dismiss for lack of jurisdiction Cooley's appeal from the March 14, 2025 order.

In the opening brief, an appellant must "[s]tate that the judgment appealed from is final, or *explain why the order appealed from is appealable . . . .*" (See rule 8.204(a)(2)(B), italics added.) This rule "requires an appellant to [(1)] make the preliminary and fundamental determination that the order appealed from is, in fact, an appealable order or judgment," and (2) cite legal authority demonstrating appellate jurisdiction is proper. (See *Lester v. Lennane* (2000) 84 Cal.App.4th 536, 556–557 [construing former rule 13]; see also *Good v. Miller* (2013) 214 Cal.App.4th 472, 476–477 [noting that former rule 13 is the predecessor of rule 8.204(a)(2)(B)].)

Probate cases differ from civil actions because there is no " 'final judgment' " on which to anchor appealability. (See *Young v. Hartford* (2024) 106 Cal.App.5th 730, 735–736.) The "policy of permitting appeals only from final orders," however, generally applies in the probate context. (See *id.* at pp. 735–737.) This finality requirement safeguards appellate resources by, inter alia, allowing a lower court to " ' " 'obviate an appeal by altering the rulings from which an appeal would otherwise have been taken . . . .' " ' " (See *id.* at p. 735.)

A denial of a motion without prejudice is typically not "a final ruling on the merits." (See *Hacker v. Fabe* (2023) 92 Cal.App.5th 1267, 1280–1281.) This is because " ' "[t]he term '*without prejudice*,' in its general adaptation, means that there is no decision of the controversy on its merits, and leaves the whole subject in litigation as much open to another application as if no suit had ever been brought." ' " (See *id.* at p. 1281.)

At no point in his appellate brief does Cooley acknowledge that the probate court denied his request for ex parte relief *without prejudice*, nor does he argue that ruling satisfies the finality requirement for appealable orders. Because Cooley fails to show the March 14, 2025 order denying his ex parte application is appealable, we dismiss his appeal from that order for lack of jurisdiction. (*Luo, supra*, 102 Cal.App.5th at p. 1325.)

## C. We Deny the Two Requests Cooley Submitted After TUP Filed Its Respondent's Brief

On July 29, 2025, Cooley filed his opening brief. TUP filed its respondent's brief on December 23, 2025. Cooley did not file a reply brief.

On December 29, 2025, Cooley filed two requests: (1) "Request for Recognition of Respondent's Failure to Cure

11

Default Under CRC 8.220(a)(2) and for Consideration of Appellant's Proposed Amended §850 Petition Demonstrating Ability to Amend" (boldface & some capitalization omitted); and (2) "Request for Judicial Notice in Support of Verified Amended Petition" (boldface & some capitalization omitted).  In the first of these filings, Cooley asks us to consider a proposed amended section 850 petition, which is dated December 24, 2025 and is attached as exhibit A to the request.[7]  In the second filing, Cooley requests judicial notice of a motion to dismiss TUP filed in the prior appeal (case No. B322049), along with TUP's attachments to the motion.

TUP opposed Cooley's two requests, arguing, inter alia, Cooley seeks improperly to augment the record to include a proposed amended petition he did not file in the probate court, and Cooley omitted from his opening appellate brief his request that we consider the proposed amended petition and the documents he claims are subject to judicial notice.  Indeed, absent from Cooley's opening brief is any mention of his proposed amended petition (which he apparently drafted after he filed the opening brief) or TUP's motion to dismiss and its attachments.

In his unauthorized reply to TUP's opposition, Cooley acknowledges "[t]he proposed amended petition . . . is not part of the record on appeal," but disclaims any intention to augment the

---

[7]  Cooley also asks us to "submit the appeal on the record and [his] Opening Brief" on account of TUP's supposed failure to file a respondent's brief.  We deny this request because TUP filed its respondent's brief six days before Cooley sought this relief.

12

record.[8]  Instead, Cooley argues, "The proposed amended petition is . . . . submitted solely to demonstrate the reasonable possibility of amendment, which is the standard the Court must apply when reviewing a judgment on the pleadings."  As for his failure to "seek consideration of the proposed amended petition" in his opening brief, Cooley maintains, "If a plaintiff may assert a basis to amend for the first time on appeal, then necessarily, the issue is not waived by omission from the Opening Brief, . . . and the appellate court *must* consider the showing *whenever* it is made." (Italics added.)

"While the showing as to how [a pleading] may be amended need not be made to the [lower] court and can be made for the first time to the reviewing court," Cooley's assertion that he may make that showing *whenever* he elects to do so is unfounded.[9]  By

---

[8]  Cooley did not request leave to file a reply to TUP's opposition.  (See Eisenberg et al., Cal. Practice Guide:  Civil Appeals and Writs (The Rutter Group 2026) ¶ 5:254 ["The Rules of Court do not expressly authorize the filing of a written reply to an opposition.  In rare circumstances, however, a reply may be appropriate; and, assuming there is good cause for a reply, the court probably will allow it."].)  We decline to exercise our discretion to strike Cooley's unauthorized reply because in that filing, Cooley clarifies the limited scope of his request (i.e., he does not seek to augment the record) and he makes an admission that assists us in ruling on his request (i.e., the proposed amended petition does not appear in our appellate record).  (See *id.* at ¶ 5:194 ["When a brief . . . fails to comply with the Rules of Court[,] . . . the court of appeal may order the brief stricken . . . on its own motion."].)

[9]  (See *New Plumbing Contractors, Inc. v. Nationwide Mutual Ins. Co.* (1992) 7 Cal.App.4th 1088, 1098; see also *id.* at

failing to discuss in his opening brief any new allegations from the proposed amended petition, Cooley has forfeited reliance on those new averments.[10]  Accordingly, we deny Cooley's request that we consider his proposed amended petition.  Likewise, because Cooley offers TUP's motion to dismiss and its attachments to support the proposed amended petition that we decline to consider, we also deny his request for judicial notice of those documents.[11]

## D.    We Reject Cooley's Contention that the Probate Court Erred In Granting TUP's Motion for Judgment on the Pleadings

Section 1310, subdivision (a) provides in pertinent part: "[A]n appeal pursuant to Chapter 1 (commencing with

pp. 1091, 1098 [holding that an appellant could not show the trial court abused its discretion in denying leave to amend after sustaining a demurrer when the appellant raised a possible amendment for the first time at oral argument].)

[10]  (See *Golden Door Properties, LLC v. County of San Diego* (2020) 50 Cal.App.5th 467, 482, 518, 554–555 [holding that " 'our review on appeal "is . . . limited to issues which have been adequately raised and supported in [the appellant's opening] brief[,]" ' " and that an appellant "forfeited [a] point" "[b]y not raising [it] in [the] opening brief"; first set of brackets in original]; *Reid v. City of San Diego* (2018) 24 Cal.App.5th 343, 369 [holding that by failing to argue in their opening brief that "the trial court abused its discretion in not granting leave to amend," the plaintiffs forfeited that issue].)

[11]  (See *Association for Los Angeles Deputy Sheriffs*, *supra*, 94 Cal.App.5th at p. 796, fn. 30 [holding that a reviewing court may "deny[ ] a request for judicial notice of 'materials . . . not relevant to [the court's] determination of the issues on appeal' "].)

14

Section 1300) stays the operation and effect of the judgment or order." (§ 1310, subd. (a).) Section 1300 in turn authorizes an appeal from an order "authorizing, approving, or confirming the sale . . . of property." (See § 1300, subd. (a).)

In its order granting judgment on the pleadings, the probate court found "the only claim [Cooley] asserted against TUP [was a] quiet title claim pursuant to . . . section 850." The court explained that under Cooley's theory against TUP, the notice of appeal he filed on July 5, 2022 triggered an automatic stay of the June 21, 2022 order confirming the sale of the real property, and the automatic stay was violated when the grant deed conveying the estate's interest in the property to TUP was recorded on July 12, 2022.

The court rejected Cooley's theory for two independent reasons: (1) Cooley failed to give notice of the filing of the July 5, 2022 notice of appeal to TUP or its counsel before the deed was recorded, and (2) "the ministerial act of recording the deed" did not violate the stay of the operation and effect of the order confirming the sale, but instead merely "g[ave] notice to the world of the transfer." Because we conclude that Cooley has not shown the second rationale was erroneous, we express no opinion as to the first rationale.

Cooley argues the probate court "misconstrue[d] the legal significance of the recording" of the "grant deed purporting to transfer title" to the property from the estate to TUP. He claims, "The post-appeal . . . recording [of the grant deed was] not a mere ministerial formality; it [was] a substantive act that completed escrow, conferred title, and implemented the order that was under appellate review." Cooley thus seems to argue the July 12, 2022 recording of the deed violated section 1310,

15

subdivision (a)'s stay of the "operation and effect" of the June 21, 2022 order confirming the sale of the property because recordation was necessary to effect the transfer of the estate's interest in the property to TUP.[12]

"Generally, an instrument is enforceable between the parties even though it is not recorded.  For example, a grant deed . . . , when duly executed and delivered, conveys the title . . . to the grantee . . . and is enforceable against the grantor . . . even though it is not recorded."  (4 Miller & Starr, Cal. Real Estate (4th ed. 2025) § 10:2, fns. omitted; see also *Kahan v. City of Richmond* (2019) 35 Cal.App.5th 721, 739 [characterizing the Miller & Starr publication as a "preeminent California real estate treatise"].)  Put differently, as a general rule, "The operation of [a] deed to transfer title [is] not affected by its nonrecordation.  The recording of an instrument gives notice to the world of the transfer but does not add to its efficacy as a complete conveyance of title."  (See *Chaffee v. Sorensen* (1951) 107 Cal.App.2d 284,

---

[12] TUP argues that Cooley waived this legal theory by (1) raising it in the prior appeal and (2) attempting to support it with documents that were not part of the record of that appeal.  In the prior appeal, however, we declined to pass upon Cooley's argument that "his . . . notice of appeal . . . [filed] on July 5, 2022[ triggered] an automatic stay prevent[ing] the recordation of a grant deed transferring the real property to TUP" because that issue was "not properly before us in th[at] appeal."  (See *Locklin*, *supra*, B322049 [2024 WL 191261, at p. *9].)  We explained that "[t]he matter before us [was] whether the probate court erred in issuing the June 21, 2022 Order Confirming Sale of Real Property . . . ."  (See *ibid.*)  Because TUP does not explain why Cooley should be deemed to have waived an issue that was not properly before us, we reject TUP's waiver claim.

16

289.)  "In some cases[, however,] the parties intend that the deed is not to be effective until it is recorded.  If so, recordation is a condition precedent to delivery, and the deed is ineffective if it is not recorded."  (See 4 Miller & Starr, Cal. Real Estate, *supra*, § 10:2, com.)

In his statement of the case in his appellate brief, Cooley claims members of TUP executed an "identical but separate California Residential Purchase Agreement and Joint Escrow Instructions" with Jones and Jacobs, respectively, and that "[b]oth instruments provided that title would convey only upon the closing of escrow, recording of the grant deed, and physical delivery of the deed to the buyer."  To support these assertions, Cooley cites two attachments to the ex parte application he filed on March 12, 2025.  This argument fails.

First, "[t]he general rule is that on a motion for judgment on the pleadings as in the case of general demurrer, the court may not consider matters extrinsic to the pleading under attack."  (*Purcell v. Colonial Ins. Co.* (1971) 20 Cal.App.3d 807, 810.)  We acknowledge that in the standard of review section of his opening brief, Cooley cites *O'Neil v. General Security Corp.* (1992) 4 Cal.App.4th 587 for the proposition that "[t]he appellate court may also consider evidence outside the pleadings that was considered by the trial court."  (Citing *O'Neil*, at p. 594, fn. 1.)  The exception identified in *O'Neill*, however, applies only if the lower court considered the extrinsic evidence "without objection by the opposing party" in the course of "ruling on the motion."  (See *ibid.*)  The probate court could not have considered the attachments to Cooley's March 12, 2025 ex parte application when it ruled on TUP's motion for judgment on the pleadings on

17

October 23, 2024. It follows that those documents are not properly before us.

Second, even if we could consider the documents, we would reject Cooley's challenge to the order granting judgment on the pleadings. Cooley's argument rests on his citations to two instruments; both writings are comprised of numerous contract terms in small font, and one of them is 16 pages long and the other is 15 pages in length. Cooley makes no effort to parse through the relevant language of these documents to show that conveyance of the estate's interest in the real property would be effective only upon recordation of the grant deed. Accordingly, Cooley fails to show the two instruments support his quiet title claim against TUP. (See *Inyo Citizens for Better Planning v. Inyo County Bd. of Supervisors* (2009) 180 Cal.App.4th 1, 14 [" 'We are not required to search the record to ascertain whether it contains support for [a party's] contentions.' [Citation.] We do not serve as 'backup appellate counsel[.]' "].)[13]

---

[13] At oral argument, Cooley for the first time directed our attention to paragraph 13.F of these two instruments, which paragraph states in part: "Title shall vest as designated in Buyer's vesting instructions." Cooley did not claim these vesting instructions are in the appellate record or describe their contents. Instead, he merely asserted in his opening brief that "[b]oth instruments provided that title would convey only upon the closing of escrow, recording of the grant deed, and physical delivery of the deed to the buyer."

Cooley also mentioned for the first time at oral argument paragraph 25.G of the two writings. Paragraph 25.G provides: " '**Close of Escrow',** including 'COE', means the date the grant deed, or other evidence of transfer of title, is recorded for any real property, or the date of Delivery of a document evidencing the

18

In sum, Cooley has not substantiated his theory that the July 12, 2022 recordation of the grant deed violated the automatic stay occasioned by the filing of the notice of appeal on July 5, 2022. He thus fails to demonstrate the probate court erred in granting judgment on the pleadings for TUP on his section 850 petition.

## E. Cooley Does Not Demonstrate the Probate Court Erred In Denying Him Leave To Amend the Petition

Cooley " ' " 'has the burden of proving that an amendment would cure the defect' " ' " in his quiet title claim against TUP. (See *Black*, *supra*, 116 Cal.App.5th at p. 685.) In his appellate brief, Cooley does not argue cogently he could amend his petition to allege facts showing the recordation of the grant deed to TUP violated the automatic stay of the order confirming the sale of the property. Because "[i]t is not this court's role to construct arguments that would undermine the lower court's judgment and defeat the presumption of correctness," Cooley's failure to "present . . . cognizable legal argument" is fatal to his contention the probate court abused its discretion in denying him leave to amend. (See *Needelman v. DeWolf Realty Co., Inc.* (2015) 239 Cal.App.4th 750, 762.)

Additionally, Cooley appears to fault the probate court for failing to grant him leave to add TUP as an adverse party on causes of action he averred against other parties in his

transfer of title for any non-real property transaction." Cooley did not explain why he believes this definition of the term "Close of Escrow" establishes that conveyance of the estate's interest in the property to TUP would be effective only upon recordation of the grant deed.

supplemental petition.  Cooley admits the probate court "correctly noted that TUP was not named in the supplemental petition," wherein Cooley had sought "additional relief as to . . . Jones, . . . Jacobs, and others . . . ."  Nevertheless, Cooley maintains, "The omission of [an] express reference to TUP in the supplemental petition is a curable oversight, not a repudiation of claims against the LLC."

Cooley thus seems to argue the probate court abused its discretion by failing to grant him leave to amend his supplemental petition to plead new causes of action against TUP. We reject this contention because Cooley does not claim to have sought permission from the probate court to amend his supplemental petition for that purpose.  (See *Community Water Coalition v. Santa Cruz County Local Agency Formation Com.* (2011) 200 Cal.App.4th 1317, 1329 ["It is the rule that when a trial court sustains a demurrer with leave to amend, the scope of the grant of leave is ordinarily a limited one.  It gives the pleader an opportunity to cure the defects in the particular causes of action to which the demurrer was sustained, but that is all. [Citation.]  'The plaintiff may not amend the complaint to add a new cause of action without having obtained permission to do so, unless the new cause of action is within the scope of the order granting leave to amend.' "].)

**DISPOSITION**

We deny the two requests filed by appellant Frederick Marc Cooley on December 29, 2025. We dismiss for lack of jurisdiction case No. B342148. In case No. B345086, we: (1) dismiss for lack of jurisdiction Cooley's appeal from the March 14, 2025 order denying without prejudice his ex parte application, and (2) affirm the March 13, 2025 order dismissing respondent TUP 1597 W37ST HOUSING LLC (TUP) from Cooley's Probate Code section 850 petition. TUP is awarded its costs on appeal.

NOT TO BE PUBLISHED.

BENDIX, J.

We concur:

ROTHSCHILD, P. J.

WEINGART, J.

21